IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **PISTOLA TEIXEIRA,** § | |
| § | |
| Plaintiff. § | |
| § | **CIVIL ACTION NO. 3:19-cv-2075** |
| VS. § | |
| § | |
| **UNITED STATES OF AMERICA and,** § | |
| **UNITED STATES POSTAL SERVICE** § | |
| § | |
| Defendants. § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

COMES NOW, Pistola Teixeira, ("Plaintiff"), complaining of the United States of America and United States Postal Service, ("Defendants"), and files Plaintiff Pistola Teixeira's Original Complaint, and for cause of action would show this Honorable Court the following:

**I.    PARTIES**

1. Plaintiff, Pistola Teixeira, is an individual, who resides in Dallas County, Texas.

2. Defendant, United States Postal Service, an agency of the United States government, pursuant to Federal Rules of Civil Procedure (FRCP) 4(i), may be served with service of process by serving a copy of the Summons and Complaint on The Honorable Erin A. Nealy Cox, Acting United States Attorney, Northern District of Texas, 1100 Commerce Street, 3rd Floor, Dallas Texas 75242-1699;and by sending a copy of the Summons and Complaint by certified mail to Honorable William Barr, United States Attorney General, U.S. Department of Justice, 950


Pennsylvania NW, Washington, D.C. 20530-0001.

3. Defendant, United States of America, pursuant to FRCP 4(i), may be served with service of process by serving a copy of the Summons and Complaint on The Honorable Erin A. Nealy Cox, Acting United States Attorney, Northern District of Texas, 1100 Commerce Street, 3rd Floor, Dallas Texas 75242-1699;and by sending a copy of the Summons and Complaint by certified mail to Honorable William Barr, United States Attorney General, U.S. Department of Justice, 950 Pennsylvania NW, Washington, D.C. 20530-0001.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over this controversy, because the damages are within the jurisdictional limits of this Court. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367 and 28 U.S.C. § 1346. Venue is proper in this judicial district, because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district pursuant to 28 U.S.C. § 1391(b).

5. The United States Postal Service is an agency of the United States Government. Plaintiff brings and maintains this action pursuant to 28 U.S.C. 1346(b)et seq.; 28 U.S.C. 2672, et seq; 28 U.S.C. 2675, et seq.; 28 U.S.C. 2679, et seq., commonly known as and referred to herein as the Federal Torts Claims Act, 39 C.F.R. 912 et seq., and all other applicable statutes. This Court has jurisdiction over the subject matter of this action pursuant to the Federal Tort Claims Act 28 U.S.C. §§ 1346(b) and 2671-2680. Pursuant to 28 U.S.C. § 1402 et seq., venue is appropriate in the United States District Court, Northern District of Texas, Dallas Division because this is the district where Plaintiff resides and wherein the above acts and/or omissions complained of occurred.

6. Plaintiff Pistola Teixeira timely presented her notice of claim, Standard Form 95,

within two (2) years from the date the claim accrued. Pursuant to the Federal Tort Claims Act, 39 C.F.R. 912.4, and all other applicable statutes, on February 11, 2019, on Shauna Snyder, Tort Claims Examiner/Adjudicator, 1720 Market Street, Room 2400, St. Louis, MO 63155-9948 (receipt confirmed on March 4, 2019). More than six (6) months have elapsed since Pistola Texeira's claim was first presented to the United States Postal Service and a final decision denying all of her claims was made. Accordingly, Plaintiff now brings this lawsuit for the injuries and damages she has sustained.

### III. FACTUAL BACKGROUND

7.  On June 22, 2018, Elizabeth Ann Ordener, while in the course and scope of her employment with the United States Postal Service, failed to yield the right of way to the vehicle driven by my client, Pistola Teixeira, which caused her to jerk the steering wheel to avoid the collision which forced her to hit a mailbox and a parked and unoccupied vehicle.

8   Plaintiff's injuries as a result of this collision include a need for neck surgery and other serious and disabling injuries.

### V.   CAUSE OF ACTION AGAINST DEFENDANT

9.  The Defendants' joint and several negligence was a proximate cause of Plaintiff's injuries and damages.

10.  At all times relevant to this case, Elizabeth Ann Ordener was acting within the scope of her office or employment and in her capacity as an agent, apparent agent, servant and/or employee of the United States of America and the United States Postal Service. Moreover, Elizabeth Ann Ordener was acting within the course and scope of her authority as such agent, apparent agent, servant and/or employee of the United States of America and the United States Postal Service. Thus, the United States of America and the United States Postal Service are liable

for the negligent conduct of their employee under the legal doctrine of Respondeat superior.

11.     On the occasion in question, Elizabeth Ann Ordener had permission from her employer, the United States of America and the United States Postal Service, to drive their truck and owed a duty to use reasonable and ordinary care in the operation of the vehicle she was driving. Elizabeth Ann Ordener operated her vehicle in a negligent manner, in breach of and in violation of her duty to Plaintiff, by failing to exercise ordinary care in the operation of the vehicle in one or more of the following:

> a. Failing to yield the right of way;
> b. In failing to make such turning movements of the vehicle in question as would have been made by a person exercising ordinary care and prudence under the same or similar circumstances; and
> c. In failing to keep a proper lookout; and
> d. In otherwise failing to take proper action to avoid the collision as would have been taken by a person exercising ordinary care and prudence under the same or similar circumstances

## VI. DAMAGES

12.     As a result of the incident described herein, Plaintiff incurred reasonable and necessary medical expenses and, in all reasonable probability, such medical expenses will continue in the future.

13.     Plaintiff has experienced mental anguish in the past as a result of physical injuries and, in all reasonable probability, will sustain mental anguish in the future as a result of physical injuries.

14.     Plaintiff has experienced physical pain and suffering in the past as a result of physical injuries, and in all reasonable probability, will sustain physical pain and suffering in the future as a result of her physical injuries.

15.     Plaintiff has experienced physical impairment or physical incapacity in the past as

a result of the incident and, in all reasonable probability, will sustain physical impairment or physical incapacity in the future.

16. Plaintiff has suffered lost wages and/or lost earning capacity in the past as a result of the incident and, in all reasonable probability, such lost earning capacity will continue in the future.

17. Plaintiff has suffered disfigurement in the past as a result of the incident and, in all reasonable probability, such disfigurement will continue in the future.

18. As a result of the above, Plaintiff seeks damages within the jurisdictional limits of this Court.

## VII. JURY DEMAND

19. Plaintiff hereby demands a trial by jury.

## VIII. CONDITIONS PRECEDENT

20. All conditions precedent to Defendant's liability and Plaintiff's recovery have either occurred or been satisfied. Plaintiff has fully complied with any and all notice provisions of the Federal Tort Claims Act (28 U.S.C. § 2671 et seq.), the Federal Rules of Civil Procedure, and any other applicable provisions of the law, as Defendant had actual notice of the incident, and Plaintiff presented her administrative claim to Defendant on February 11, 2019.

## IX. PRAYER

21. For these reasons, Plaintiff prays that this court cite Defendant to appear and answer herein. Plaintiff further prays that she have judgment taken against Defendant, jointly and severally, and that she recover all damages allowed by law, post-judgment interest allowed by law, costs of court and all other relief, both general and special, at law or in equity, which the court deems appropriate.

Respectfully submitted,

SOMMERMAN, MCCAFFITY,
QUESADA, & GEISLER, L.L.P.

*/s/ Sean J. McCaffity*
Sean J. McCaffity
State Bar No. 24013122
Alexandria Risinger
State Bar No. 24095215
3811 Turtle Creek Boulevard, Suite 1400
Dallas, Texas   75219-4461
214/720-0720 (Telephone)
214/720-0184 (Facsimile)
SMcCaffity@textrial.com
ARisinger@textrial.com